Robert H. Horn, SBN 137410
rhorn@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, California 96007
Telephone (310) 557-2900
Fax (310) 557-2193

Attorneys for Plaintiff
National Academy of Recording Arts
& Sciences, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ON POINT EVENTS, LP, a Texas limited partnership,<br><br>　　　　　　Defendant. | Case No. CV 08-0856 DSF (Ex)<br><br>**[PROPOSED] ORDER COMPELLING DEFENDANT ON POINT EVENTS, LP TO PROVIDE FURTHER RESPONSES TO PLAINTIFF NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC.'S INTERROGATORIES WITHOUT OBJECTION** |

The motion of plaintiff National Academy of Recording Arts & Sciences, Inc. ("The Recording Academy") for an order compelling defendant On Point Events, LP ("On Point") to provide further responses to interrogatories without objection came on for hearing on February 20, 2009.

On proof made to the satisfaction of the Court that the motion ought to be granted,

IT IS ORDERED that the motion be, and hereby is, granted, and that:

1. On Point answer Interrogatory No. 1 by stating, without objection, all dates on which On Point offered to sell GRAMMY tickets on its website www.onpointevents.com.;

2. On Point answer Interrogatory No. 2 by stating, without objection, all dates on which On Point offered to sell GRAMMY TICKETS on a website other than www.onpointevents.com, and providing the Uniform Resource Locator (URL) for each such website;

3. On Point answer Interrogatory No. 3 by stating, without objection, the name, job title or position, last known business address and telephone number, and last known residence address and telephone number, of each person On Point used as a source for GRAMMY tickets;

4. On Point answer Interrogatory No. 4 by stating, without objection, the date, manner and substance of each communication concerning GRAMMY tickets between On Point and each person identified in response to Interrogatory No. 3;

5. On Point answer Interrogatory No. 5 by stating, without objection, the date On Point obtained and/or purchased GRAMMY tickets from each person identified in response to Interrogatory No. 3;

6. On Point answer Interrogatory No. 6 by stating, without objection, the number and seating category of each GRAMMY ticket On Point

|    |     |                                                                                                                                                                                                                                                                                                              |
|----|-----|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 1  |     | obtained and/or purchased from each person identified in response to                                                                                                                                                                                                                                         |
| 2  |     | Interrogatory No. 3;                                                                                                                                                                                                                                                                                         |
| 3  | 7.  | On Point answer Interrogatory No. 7 by stating, without objection, the amount of money or other consideration that On Point paid for GRAMMY tickets to each person identified in response to Interrogatory No. 3;                                                                                            |
| 7  | 8.  | On Point answer Interrogatory No. 8 by stating, without objection, the name, job title or position, last known business address and telephone number, and last known residence address and telephone number, of each person to whom On Point sold GRAMMY tickets;                                            |
| 11 | 9.  | On Point answer Interrogatory No. 9 by stating, without objection, the date, manner and substance of each communication concerning GRAMMY tickets between On Point and each person identified in response to Interrogatory No. 8;                                                                            |
| 15 | 10. | On Point answer Interrogatory No. 10 by stating, without objection, the date On Point sold GRAMMY tickets to each person identified in response to Interrogatory No. 8;                                                                                                                                      |
| 18 | 11. | On Point answer Interrogatory No. 11 by stating, without objection, the amount of money or other consideration On Point received for GRAMMY tickets from each person identified in response to Interrogatory No. 8;                                                                                          |
| 22 | 12. | On Point answer Interrogatory No. 12 by stating, without objection, the amount of money or other consideration On Point received from each person identified in response to Interrogatory No. 8 for any travel packages sold in conjunction with the sale of GRAMMY tickets;                                 |
| 26 | 13. | On Point answer Interrogatory No. 13 by describing, without objection, each document evidencing, referring or relating to each communication                                                                                                                                                                 |

between On Point and plaintiff National Academy of Recording Arts & Sciences, Inc.;

14. On Point answer Interrogatory No. 14 by identifying, without objection, each license On Point received authorizing it to engage in business as a ticket broker, including the name of the issuing governmental body, date of issuance, date of expiration, and license number;

15. On Point answer Interrogatory No. 15 by identifying, without objection, each affirmative defense alleged in On Point's answer to the complaint, and stating for each such affirmative defense all facts upon which On Point bases the affirmative defense.

IT IS FURTHER ORDERED that On Point shall serve the Recording Academy with further responses to interrogatories in compliance with this order by February 24, 2009 via personal, fax or e-mail service.

Dated: _____

_____
Charles F. Eick
United States Magistrate Judge