1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| NATIONAL ACADEMY OF RECORDING ARTS & SCIENCES, INC., | ) ) ) ) | CASE NO. CV 08-00856 DSF (Ex) ORDER REGARDING SETTLEMENT CONFERENCE |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Date:  8/28/09 |
| ON POINT EVENTS, LP, | ) ) | Time:  2:00 p.m. |
| Defendant. | ) ) | |
| _____ | ) | |

**PLEASE READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES. STRICT COMPLIANCE IS REQUIRED.**

At the request of all parties and counsel, the Court has agreed to conduct the settlement conference in this matter. To facilitate the settlement conference, the Court orders:

    **1.**    **Settlement Conference Date**: August 28, 2009 at 2:30 p.m.

    **2.**    **Confidentiality.**  Pursuant to Local Rule 16-15.8, all settlement proceedings shall be confidential and no statement made during the conference shall be admissible in any proceeding in the case, unless the parties agree

revised 1-8-08

1  otherwise.  No part of a settlement proceeding shall be reported or otherwise
2  recorded without the consent of the parties.

3      **3.**    **Exchange of Offers/Demands Before Settlement Conference.**  In
4  order to provide the parties with a starting point for their settlement discussions
5  with the Court, plaintiff(s) shall advise defendant(s) of the terms on which
6  plaintiff(s) then is (are) prepared to settle the case, by an e-mail or by letter
7  delivered or faxed no later than 10 court days prior to the settlement conference.
8  Within three court days of receipt of this settlement offer, defendant(s) shall
9  respond by e-mail or letter delivered or faxed advising plaintiff(s) of the terms on
10  which defendant(s) is (are) prepared to settle the case.

11      **4.**    **Settlement Conference Statements.**

12      A.    <u>Statements to be Exchanged.</u>

13  No later than 4 court days prior to the settlement conference, the
14  parties shall deliver Settlement Conference Statements directly to the Court's
15  chambers e-mail (with a paper mandatory chambers copy to chambers), and shall
16  e-mail, fax, or personally deliver the statement to opposing counsel.  The statement
17  shall contain the following information:

18      (a)    A summary of the factual background of the case;
19      (b)    A summary of the important legal and factual issues presented
20  by the case, and the submitting party's position on each issue;
21      (c)    An itemized statement of the damages claimed or description of
22  other relief sought by or against the submitting party, in non-conclusory form;
23      (d)    A description of  the parties' positions about non-monetary
24  terms that they may seek (or oppose), including (but not necessarily limited to): the
25  form and scope of releases -- *e.g.*, general and specific; waiver of California Civil
26  Code § 1542; releases of and covenants not to sue third parties who either are not
27  participants in the settlement conference or may not be parties in the lawsuit, but
28  whose interests could affect the negotiating parties' ability to settle;

indemnifications against claims of other parties; whether there should be a confidentiality provision (strongly disfavored by the Court); whether there should be recitals of non-admission of fault or liability; whether each settling party is to pay his, her, or its own costs and attorneys' fees; and any other provision that is likely to be the subject of negotiation.

  (e) A summary of the settlement negotiations or other means of alternative dispute resolution utilized prior to the date of the statement, including the content and date of any offers of compromise made or received by the submitting party, and the content and date of any responses to such offers;

  (f) A description of the proceedings to date, including any case management/discovery deadlines and any previous rulings by the Court on dispositive or other relevant motions;

  (g) The trial date, the pre-trial conference date, the estimated length of trial, and whether a court or jury trial is contemplated; and

  (h) Any other relevant circumstances that counsel believe will assist the Court in conducting the settlement conference.

The statement shall be brief and to the point and shall not exceed five pages, double-spaced. Unless absolutely essential to inform the Court of key considerations, the parties should not attach exhibits or transcript excerpts; the purpose of the statement is to enable the Court to become familiar with the issues, not to try the case.

  B. <u>Confidential Addendum</u>

Each party shall also prepare a Confidential Addendum to the Settlement Conference Statement, which shall also be delivered to chambers but *shall not be served on the other parties*. The Confidential Addendum shall contain a forthright evaluation of the party's likelihood of prevailing on all relevant claims and defenses; the party's evaluation of the terms on which the case could *fairly* be settled; the approximate amount of fees and costs expended to date; an estimate of

revised 1-8-08  3

1  the fees and costs to be expended for future discovery, pretrial, and trial; and any
2  additional information the party wishes to impart to the judge confidentially.

3          C.    <u>Exceptions</u>

4          Sometimes the foregoing requirements may be unnecessary -- *e.g.*, if
5  there is only one relatively narrow or discrete issue that divides the parties, after
6  they have reached agreement on all, or virtually all, other material terms.  In such
7  case, the parties' settlement conference statements and addenda should focus on
8  the "sticking point" and provide the background or context necessary to help
9  resolve the impasse.

10          D.    <u>Sanctions</u>

11          Failure to deliver a timely Settlement Conference Statement and
12  Confidential Addendum will likely result in sanctions being imposed.

13      **5.**    **Persons to be Present at Settlement Conference.**  Each party *shall*
14  appear at the settlement conference in person or by a representative with *full*
15  *authority* to settle the case.  "Full authority" is defined as having authority to settle
16  the matter for the amount of the last demand or counter-offer made by the opposing
17  party.  This individual must have authority to say "yes," not just "no."   Residence
18  outside the district, state, or the United States is not grounds to be present by
19  telephone.

20          Appearing without the clients or the person or persons whose presence is
21  required to achieve settlement (such as insurance representatives) will cause the
22  settlement conference to be canceled and rescheduled, *regardless of whether*
23  *counsel purportedly has been given settlement authority*.  The noncomplying party,
24  attorney, or both, may be assessed the costs and expenses incurred by other parties
25  as a result of such cancellation and rescheduling.

26          If a settlement proposal must be presented to a board or committee, the
27  attendance of at least one sitting and knowledgeable member of the Board
28

1 (preferably the Chairperson) is *absolutely required*, unless the entity commits
2 absolutely to the discretionary authority of another representative.

3      In lawsuits involving the United States or any of its agencies, the Assistant
4 United States Attorney in charge of the case must appear with the full measure of
5 settlement authority provided by his or her superiors within the United States
6 Attorney's Office.

7      In cases involving insurance, a representative with *unrestricted* settlement
8 authority must appear on behalf of the insurance company.

9      **6.**    **Conduct of Settlement Conference.**  The Court may, in its discretion,
10 converse with the lawyers, the parties, the insurance representatives, or any one of
11 them outside of the hearing of the others.  The comments of the Court during such
12 separate sessions are not to be used by counsel in settlement negotiations with
13 opposing counsel.  This is a necessary requirement in order to avoid intentional or
14 unintentional misquotation of the Court's comments.  Violation of this policy may
15 mislead the adverse party and therefore hinder settlement.

16      At the commencement of the settlement conference, each party through
17 counsel should be prepared to make an oral presentation (not to exceed 10 minutes)
18 of the relevant facts *and* law, in the presence of all parties and counsel.

19      Counsel and all persons present should be prepared to remain until released
20 by the Court.  The conference may extend beyond normal court hours.

21      If settlement between any or all parties is reached as a result of the
22 Settlement Conference, the Court will enter the settlement terms on the record, or
23 require that the terms be stated in writing, at the end of the conference and the
24 parties will be expected to assent to those terms, at which point the settlement will
25 be final and binding.

All papers submitted for the Settlement Conference will either be returned to the parties or destroyed by the Court after the settlement proceedings are concluded, unless the parties agree otherwise.

IT IS SO ORDERED.

DATED:    8/11/09

_____
**DALE S. FISCHER**
**United States District Judge**

revised 1-8-08                                        6